1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY R. TURNER,                        No.  2:15-cv-2320-EFB P

12                 Petitioner,

13          v.                                  ORDER

14   YOLO COUNTY BOARD OF
     SUPERVISORS,
15
                      Respondent.
16

17

18          Petitioner is a state prisoner without counsel.  He used a pre-printed habeas form to

     commence this action.  *See* 28 U.S.C. § 2254.  He states that he is challenging a May 5, 2010
19
     judgment of conviction imposed by the Yolo County Superior Court.[1]  *See* ECF No. 1 at 1.
20
     However, a review of court records indicates that he is already proceeding with a petition for writ
21
     of habeas corpus challenging that conviction and sentence.  *See Turner v. Richardson*, 2:13-cv-
22
     0454-WBS-AC.  Petitioner is represented by counsel in that case, which proceeds on the Second
23
     Amended Petition filed December 22, 2014.  It appears that this action must be dismissed as
24
     duplicative of the earlier filed action.
25
     /////
26

27   _____

            [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
28   § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636;
     *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1    A suit is duplicative if the "claims, parties, and available relief do not significantly differ

2  between the two actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)

3  (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp.

4  1210, 1213 (N.D. Ill. 1983)). "When a complaint involving the same parties and issues has

5  already been filed in another federal district court, the court has discretion to abate or dismiss the

6  second action. *Id.* at 1144 (citation omitted).  "Federal comity and judicial economy give rise to

7  rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint

8  has already been filed in another federal court."  *Id.* at 1145 (citation omitted). "[I]ncreasing

9  calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in

10  more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599

11  F.2d 890, 893 (9th Cir. 1979).

12    Due to the duplicative nature of the present action, this action should be dismissed and

13  petitioner should proceed on the action he initially commenced.  Accordingly, it is hereby

14  ORDERED that this action is dismissed without prejudice.

15  DATED:  April 7, 2016.

16

17    EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28